UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION NO. 1:23-CV-00076-JHM

CHARLES ANTHONY MAYES                                                              PLAINTIFF

v.

CHARLES HARDIN, *et al.*                                                            DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

    Plaintiff Charles Anthony Mayes filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the Court on initial review of the complaint and supplemental complaint (hereinafter "complaints") [DN 1, DN 12] pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss some claims and allow others to proceed.

**I. SUMMARY OF CLAIMS**

    Plaintiff is a convicted prisoner formerly incarcerated at Logan County Detention Center ("LCDC"). He names as Defendants Captain Charles Hardin, Captain L. Beard, and Nurse Tina Sharon, in their individual and official capacities.

    Plaintiff alleges that on April 23, 2023, five men assaulted him causing significant injuries to his eye requiring hospitalization. Plaintiff asserts that Defendant Hardin was asleep in his guard post during the assault. Plaintiff claims that Defendant Hardin's actions constituted "cruel and unusual punishment" violating Plaintiff's Eighth Amendment rights because he failed to protect him and was deliberately indifferent to his safety.

    Plaintiff further alleges that since the assault, he has repeatedly written several grievances to Defendant Sharon regarding not receiving his medication and suffering in pain. Plaintiff maintains that in addition to requesting medication, he complained about not being able to see out of his eye

and requested to be seen at the hospital again. On June 7 or 8, 2023, he requested an aspirin from Defendant Sharon who refused the medication, told him to get out of the pill line, and informed him that it would do no good to file a grievance. Plaintiff claims that Defendant Sharon acted with deliberate indifference to his serious medical needs by withholding medications/medical care in violation of the Eighth Amendment.

Soon thereafter, Plaintiff maintains that Defendant Beard entered his cell, grabbed him by the wrist, pushed him up against the wall, and placed him in the "drunk tank" for six days for filing a grievance against Defendant Sharon. Plaintiff further alleges that on June 29, 2023, Defendant Beard permitted two of the inmates who had previously assaulted Plaintiff to be placed in a cell with him prior to going to Court. Plaintiff argues that Defendant Beard's actions constituted excessive force in violation of the Fourth Amendment, retaliation in violation of the First Amendment, and cruel and unusual punishment in violation of the Eighth Amendment. Plaintiff also asserts that Defendant Beard opened Plaintiff's legal mail outside of his presence on at least four occasions since June 20, 2023. Plaintiff claims that Defendant Beard's actions violated his First Amendment right to receive legal mail.

Finally, Plaintiff contends that his due process rights are being violated because he has filed multiple grievances with no responses or no action.

Plaintiff seeks damages and injunctive relief of "releasing me" from jail.

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A. Under § 1915A, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. DISCUSSION

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under

3

color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Official-Capacity Claims

"Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against Defendants Hardin, Beard, and perhaps Sharon, are actually against their employer, Logan County. Similarly, if Defendant Sharon works for a medical provider who contracts with the LCDC, Plaintiff's official-capacity claims would be against her employer.[1]

"[A] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Social Services*, 436 U.S. 436 U.S. 658, 691 (1978). When a § 1983 claim is made against a municipality such as Logan County, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality as an entity is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691. To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom

---

[1] The Sixth Circuit has held that the same analysis that applies to § 1983 claims brought against municipalities, such as Logan County, applies to private entities contracted to provide medical services to inmates. *See*, *e.g.*, *Parsons v. Caruso*, 491 F. App'x 597, 609 (6th Cir. 2012); *Hester v. S. Health Partners*, No. 1:22-CV-P80-GNS, 2022 WL 9497251, at *2 (W.D. Ky. Oct. 14, 2022).

"must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Here, Plaintiff does not allege that Defendants violated his constitutional rights pursuant to a policy or custom of Logan County or a policy of the healthcare provider hired by LCDC. Accordingly, Plaintiff's official-capacity claims must be dismissed for failure to state a claim upon which relief may be granted.

### B. Individual-Capacity Claims

#### 1. Eighth Amendment Failure to Protect

In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, including directing that they must "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To establish liability under the Eighth Amendment for a claim based on a failure to prevent harm to a prisoner, a plaintiff must show that the prison officials acted with "deliberate indifference" to a substantial risk that the defendant knew would cause prisoners serious harm. *Id.* at 834; *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997).

Upon review, the Court will allow Plaintiff's Eighth Amendment failure-to-protect claim to go forward against Defendants Hardin and Beard in their individual capacity. In allowing these claims to proceed, the Court passes no judgment upon their merit or upon the ultimate outcome of this action.

#### 2. Eighth Amendment Deliberate Indifference to Medical Needs

"It is well settled that the deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment."

*Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)) (internal quotation marks omitted). An Eighth Amendment claim consists of both an objective and subjective component. *Farmer,* 511 U.S. at 834; *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). The objective component requires that the medical need be sufficiently serious. *Rhodes v. Chapman*, 452 U.S. 337, 345–47 (1981); *Hunt v. Reynolds*, 974 F.2d 734, 735 (6th Cir. 1992). This component is contextually driven and is responsive to "contemporary standards of decency." *Hudson*, 503 U.S. at 8. The subjective component requires that the official's conduct be deliberately indifferent to a plaintiff's needs. *Farmer*, 511 U.S. at 834. Deliberate indifference is a "state of mind more blameworthy than negligence." *Id.* at 835.

The Court finds that the complaints contain sufficient factual matter to state an Eighth Amendment claim of deliberate indifference to serious medical needs and will allow this claim to continue against Defendant Sharon in her individual capacity. In allowing this claim to proceed, the Court passes no judgment upon its merit or upon the ultimate outcome of this action.

### 3. Fourth Amendment Excessive Force

Based upon the allegations set forth in the complaints, the Court will allow Plaintiff's Fourth Amendment claim for excessive force to proceed against Defendant Beard in his or her individual capacity. In allowing this claim to proceed, the Court passes no judgment upon its merit or upon the ultimate outcome of this action.

### 4. First Amendment Retaliation

To set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he engaged in protected conduct, (2) a defendant took an adverse action against him that would deter a person of ordinary firmness from engaging in that conduct, and (3) the protected conduct motivated the adverse action, at least in part. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). Under

the *Thaddeus-X* framework, courts generally treat the filing of a non-frivolous prison grievance or lawsuit as constitutionally protected conduct. *See Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000). Plaintiff claims that Defendant Beard grabbed him, twisted his wrist, threw him up against a wall, and placed him in the "drunk tank" in retaliation for filing grievances. Additionally, Plaintiff's allegations regarding Defendant Beard's placement of inmates who had previously assaulted Plaintiff in the same cell may also relate to the retaliation claim. Accordingly, the Court finds that on initial review Plaintiff states a plausible First Amendment retaliation claim and will allow this claim to proceed against Defendant Beard in his or her individual capacity. In allowing this claim to proceed, the Court passes no judgment upon its merit or upon the ultimate outcome of this action.

### 5. First Amendment Legal Mail

The First Amendment affords inmates the right to receive mail. *See Sallier v. Brooks*, 343 F.3d 868, 873 (6th Cir. 2003). Courts ascribe particular significance to this right when "legal mail" is involved, granting special protection to "correspondence that impacts upon or has import for the prisoner's legal rights, the attorney-client privilege, or the right of access to the courts." *Id.* at 874 (citing *Kensu v. Haigh*, 87 F.3d 172, 174 (6th Cir. 1996); *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003)). "[P]rison officials who open and read incoming mail in an arbitrary and capricious fashion violate a prisoner's First Amendment rights." *Sallier*, 343 F.3d at 873–74 (citing *Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986)).

Plaintiff alleges that Defendant Beard opened his legal mail outside of his presence on at least four occasions. The Court finds that Plaintiff's individual capacity-claim against Defendant Beard for violation of his First Amendment rights will proceed. In allowing this claim to proceed, the Court passes no judgment upon its merit or upon the ultimate outcome of this action.

### 6. Due Process Grievance Concerns

The Court next turns to Plaintiff's allegations that Defendants violated his due process rights by failing to respond to Plaintiff's numerous grievances.

Prisoners do not possess a constitutional right to a prison grievance procedure. *See Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005) (per curiam) ("All circuits to consider this issue have . . . found that there is no constitutionally protected due process right to unfettered access to prison grievance procedures."); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) ("there is no inherent constitutional right to an effective prison grievance procedure") (citing cases). For this reason, the denial of a grievance or the failure to act based upon information contained in a grievance fails to state a claim under § 1983. *Gibbs v. Laughhunn*, No. 16-1771, 2017 WL 3140577 (6th Cir. Feb. 2, 2017); *see also LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (holding plaintiff's allegation that jail staff ignored the grievances he filed did not state a § 1983 claim "because there is no inherent constitutional rights to an effective prison grievance procedure").

For these reasons, the Court will dismiss Plaintiff's grievance-related claims for failure to state a claim upon which relief may be granted.

### 7. Injunctive Relief

Finally, Plaintiff's request for injunctive relief in this § 1983 action fails to state a claim upon which relief may be granted. To the extent that Plaintiff wishes to challenge his state-court conviction or sentence by asking for release from imprisonment, he may only do so through a petition for writ of habeas corpus. "A state prisoner's immediate or speedier release from incarceration is available only under § 2254, not § 1983." *Sisson v. Commonwealth of Ky.*, No. 4:10CV-P7-M, 2010 WL 715840, at *2 (W.D. Ky. Feb. 24, 2010); *Faron v. Hardin Cnty. Att'y*, No. 3:18-CV-P228-RGJ,

2018 WL 6438366, at *2 (W.D. Ky. Dec. 7, 2018). Thus, Plaintiff's claim for injunctive relief also will be dismissed for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's official-capacity claims, grievance-related claims, and injunctive relief are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

2. The Court will allow the following claims to proceed against Defendants in their individual capacity: Eighth Amendment failure-to-protect claim against Defendants Hardin and Beard; Eighth Amendment deliberate indifference to serious medical needs claim against Defendant Sharon; Fourth Amendment excessive force claim against Defendant Beard; First Amendment retaliation claim against Defendant Beard; and First Amendment interference with legal mail against Defendant Beard.

3. The Court will enter a Service and Scheduling Order to govern the development of this action.

Joseph H. McKinley Jr., Senior Judge
United States District Court

October 18, 2023

cc: Plaintiff, *pro se*
   Logan County Attorney, 200 West 4th Street, P.O. Box 905, Russellville, Kentucky 42276
4414.014